UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT VIDAL AYERS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:08-CV-1193

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Movant Lamont Vidal Ayers's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1.) For the reasons that follow, this motion will be denied.

### I.

Movant was indicted on May 25, 2006, for knowingly and intentionally distributing a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on April 26, 2006 ("Count 1"), May 3, 2006 ("Count 2"), May 11, 2006 ("Count 3"), and May 17, 2006 ("Count 4"). Movant pleaded guilty to Count 1 on July 26, 2006, pursuant to a written plea agreement, in which the government agreed to drop the other three counts. On November 9, 2006, this Court sentenced Movant to 156 months of incarceration and three years of supervised release. *United States v. Ayers*, File No. 1:06-CR-132, Dkt. No. 26, J. (W.D. Mich. Nov. 9, 2006).

Movant's conviction and sentence were affirmed on appeal. *United States v. Ayers*, No. 06-2468 (6th Cir. filed Nov. 16, 2006). The Supreme Court denied Movant's petition for a writ of certiorari on February 25, 2008. Movant filed his § 2255 motion on December 15, 2008.

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject

to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

Movant seeks relief based on ineffective assistance of counsel, for which he has five distinct claims: (1) counsel failed to object to the application of the career offender enhancement at sentencing; (2) counsel failed to obtain the specific sentence of forty-eight months that was agreed upon as part of the plea; (3) counsel failed to object to the total sentencing guidelines offense level that Movant was assigned; (4) counsel failed to object to the length of Movant's sentence; and (5) appellate counsel failed to cite to the United States Solicitor General's memorandum in his petition for a writ of certiorari from the Supreme Court. (Dkt. No. 2, Mem. in Supp. of Mot. 2, 4.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Movant first claims that counsel was ineffective because he failed to object to the application of the career offender enhancement at sentencing. According to the sentencing guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Regarding the third prong, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." U.S.S.G. § 4A1.1(a) cmt. n. 1.

Movant does not dispute that the first two prongs are satisfied. However, he claims that his criminal history calculation included a felony conviction from 1990 which occurred more than fifteen years before his current offense, and, thus, should not have been counted. He also argues that the 1990 felony should not have been counted because he was seventeen at the time.

Movant is interpreting the sentencing guidelines incorrectly. Movant committed the offense resulting in the presently challenged conviction in April of 2006. (*See* File No. 1:06-CR-132, Dkt. No. 1, Indictment.) While Movant was sentenced in 1990 for another drug-related felony, he was not released from incarceration for that felony until October 23, 1992, a date less than fifteen years prior to April of 2006. (Presentence Rep. 9.) Moreover, "[a]

4

sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under [§ 4B1.1(a)] only if it resulted from an adult conviction." U.S.S.G. § 4A1.1(a) cmt. n. 1. Movant was convicted as an adult for the 1990 felony. (Presentence Rep. 9.) Because all the requirements of § 4B1.1(a) are satisfied, Movant was properly treated as a career offender for sentencing purposes, and his counsel was not objectively unreasonable for not objecting to the career offender enhancement.

Movant's second claim is that counsel was ineffective because he failed to obtain the specific sentence of forty-eight months that was agreed upon as part of the plea. However, the plea agreement makes no mention of a forty-eight month sentence and explicitly provides that the Court has the sole discretion to determine Movant's sentence. The plea agreement states:

> The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing and that the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of his guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the guideline range that applies in this case, but that the Court may fashion a sentence outside the guideline range, and that the sentence is within the sole discretion of the Court. Defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

(Plea Agmt. ¶ 6.) Moreover, Movant stated at his plea hearing that he had not been promised anything that did not appear in the plea agreement:

> THE COURT: Okay. Other than what's contained in this written agreement, have there been any other promises made to you?

5

THE DEFENDANT: No.

(File No. 1:06-CR-132, Dkt. No. 23, Plea Tr. 16.) Counsel was not objectively unreasonable and did not prejudice Movant by failing to secure a sentence that the record indicates was never promised.

Movant's third claim is that counsel was ineffective because he failed to object to the total sentencing guidelines offense level that Movant was assigned. Movant claims that this offense level incorrectly took into account cocaine from the counts that were dropped. This argument is without merit. Regardless of the amount of cocaine attributed to Movant, his offense level remains the same. The offense level for a career offender is based on the statutory maximum sentence for the underlying offense. A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) carries a maximum sentence of twenty years. According to U.S.S.G. § 4B1.1(b)(C), a statutory maximum of twenty years results in a base offense level of 32 for a career offender. This is the base offense level Movant received, and it was reduced three levels to 29 because of Movant's acceptance of responsibility. Counsel's failure to object was not objectively unreasonable and did not prejudice Movant.

Movant's fourth claim is that counsel was ineffective because he failed to object to the length of Movant's sentence, which Movant claims was selected arbitrarily and based on impermissible factors. This claim is without merit. In determining that Movant's sentence was reasonable, the Court of Appeals held:

> The district court clearly considered the applicable guidelines range and other factors listed in § 3553(a). The district court discussed the presentence report

> and invited comment from counsel and the defendant. Thereafter, the district court took pains to address the issues the court considered to be the determinative factors, including the defendant's criminal history and proclivity for "absolute, total disregard of lawful conduct" both inside and outside of prison. The district court considered the proportionality of sentence, the likelihood of recidivism, and the court's duty to promote respect for the law and protection of the public. The district court also considered Ayers's need for treatment and ordered that he receive some educational correctional treatment. In addition, the record reveals that the district court imposed a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing in § 3553(a)(2).

(File No. 1:06-CR-132, Dkt. No. 37, at 2-3.) For the reasons recited by the Court of Appeals, Movant is unable to establish that the sentence was unjustified, or that counsel was objectively unreasonable in failing to object to it.

Movant's fifth claim is that appellate counsel was ineffective because he failed to cite to the United States Solicitor General's memorandum, regarding *Rita v. United States*, 551 U.S. 338 (2007), in his petition for a writ of certiorari from the Supreme Court. Movant claims that had his counsel cited the memorandum, his sentence would have been overturned. However, Movant is unable to establish that any prejudice resulted from his counsel's failure to cite the memorandum. The memorandum appears to be an amicus brief filed in support of Movant's petition, in which case it is possible the Supreme Court considered it, regardless of counsel's failure to cite to it. Even if the memorandum was not filed as an amicus brief or the Supreme Court did not consider it, the memorandum is grounded on an inaccuracy. The Solicitor General argues that the writ should be granted because, "[t]he court of appeals did not have the benefit of this Court's decision in *Rita*." (Dkt. No. 2, Attach. 2, at 3.) This

is contradicted by the record, however. The Court of Appeals did consider *Rita*, citing it in support of the proposition that "[c]ourts of appeal may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." (File No. 1:06-CR-132, Dkt. No. 37, at 2.) Therefore, had it been considered, the memorandum would not have influenced the Supreme Court's decision to deny Movant's petition for certiorari. Finally, even assuming Movant's counsel's citation to the memorandum would have convinced the Supreme Court to grant Movant's petition for a writ of certiorari, this Court cannot conclude that the Supreme Court would have overturned Movant's sentence on the merits. For the foregoing reasons, Movant was not prejudiced by his counsel's failure to cite the memorandum in his petition for certiorari.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: August 17, 2010                            /s/ Robert Holmes Bell
                                                                 ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE